Merrimack,
No. 4832.

IRVILLE A. SARGENT *v.* ALTON.

Argued April 6, 1960.

Decided April 29, 1960.

478

*Robert D. Branch* (by brief and orally), for the plaintiff.

*Nighswander, Lord & Bownes* (*Mr. Bownes* orally), for the defendant.

BLANDIN, J.  The main issue here is raised by the defendant's exceptions to the denial of its motions for a nonsuit and directed verdict.  In passing on this, we must consider the evidence most favorable to the plaintiff (*Leonard* v. *Manchester*, 96 N. H. 115), and if reasonable persons could reach the result which the jury did, in the absence of error on other grounds, the verdict must stand.  *Chase* v. *Company*, 95 N. H. 483.

The plaintiff testified that on April 15, 1955, he went to inspect his cottage and found by examining the town's shut-off valve in the culvert in front of his cottage that the water supply had not been turned on.  When he left the premises this valve was closed.  He did not close the faucets in his cottage or replace the traps and drain plugs which he had removed the previous fall.  He next visited his cottage on April 19, 1955, and found water pouring out of his pipes through the cottage.  Thereupon he went down to the town shut-off valve at the street, and finding it open, closed it.  He immediately got in touch with one of the town water commissioners, Anderson, who shortly thereafter appeared at the plaintiff's cottage with another commissioner named Beck.

In the course of their conversation, the plaintiff claims one of the commissioners stated that the driver of the truck who, with the

superintendent, went around checking the summer line after it was turned on, must have opened the shut-off valve to the plaintiff's cottage instead of closing it.

Although this testimony was vigorously refuted by Card, the superintendent of the water works, he testified that the valve was under the sole control and supervision of the town. There was evidence that it was recessed in a culvert partly hidden by leaves and dirt and not apparent to anyone unacquainted with its location. The record is barren of testimony that any outside person touched the valve or had any reason to do so. In the circumstances, the jury may properly have considered the lack of such evidence significant. See *Lamontagne* v. *Lamontagne*, 100 N. H. 237, 238-239.

In summary, the plaintiff testified that the valve was closed on April 15, four days before the damage was discovered and that he found it open on the 19th. In the interim, insofar as the record discloses, no one besides town employees had any reason to touch the valve. This evidence, together with the statement of a commissioner that a town employee must have opened it, raised an issue for the jury to determine who opened the shut-off valve. Any conflicts in the testimony were for them to resolve.

The jury could properly find that the valve was opened by a town employee and that this conduct was negligent since, so far as appears the employee did not know whether the faucets and other water outlets in the plaintiff's cottage were open or closed. In our opinion, handed down in a previous transfer of this case (*Sargent* v. *Alton*, 101 N. H. 331), it was not intended to specify, as suggested in the defendant's brief, the "minimum amount of evidence needed by the plaintiff" to support his case. Rather, we stated that if the proof offered by the plaintiff at the previous trial were produced, submission of the issues to the jury would be proper. Although all the proof offered at the previous trial was not submitted at the present trial, nevertheless, it appeared that the evidence received at the present trial was sufficient, and the defendant's motions for a nonsuit and directed verdict were properly denied.

The argument on behalf of the town that the plaintiff must be found guilty of contributory negligence as a matter of law does not require extended consideration. It could be found that he shut off the water to his house when he came up on his inspection tour on the 15th. He had experienced no previous trouble with water

escaping in his house over a period of years. When, in the past, on opening his cottage in the spring, he had discovered the main town summer line in operation, he had always found his shut-off valve closed. In these circumstances it cannot be held that he was negligent as a matter of law because he did not close his faucets or replace his traps and drain plugs, and the town's exception to the refusal of the Court so to rule cannot be sustained.

The defendant's final contention is that reversible error was committed by the Court when it read from the plaintiff's declaration that the defendant "did negligently and carelessly turn on the central water valve located on said plaintiff's property." The basis of this argument is that the valve was not on the plaintiff's property and that it was not the central water valve.

However, the Court made it plain in his charge that he was merely reading from the plaintiff's declaration which referred to the opening of the "central water valve located on the plaintiff's property" and also of the "municipal water main leading thereto," and further told the jury that it was for them to find the facts. They had been on a view and the true location of the shut-off valve on state highway property and of the main valve was known to all. Furthermore, the issue was not the location of the valve, but who turned it on. In the circumstances the defendant could not have been prejudiced, and it follows that it takes nothing by this exception. This disposes of all material issues and the order is

*Judgment on the verdict.*

All concurred.